UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH LEE, ODELL MORGAN, PEDRO RODRIGUEZ, and MARVIN TAYLOR,<br><br>Plaintiffs,<br><br>v.<br><br>R.W. COLLINS, CO., and KEVIN BROZAK,<br><br>Defendants. | Civil Action no.: ______________<br><br>Judge: ______________________ |

**COMPLAINT FOR RACIAL DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. §1981**

Kenneth Lee, Odell Morgan, Pedro Rodriguez, and Marvin Taylor, by and through their attorneys, Aaron B. Maduff of Maduff & Maduff LLC, and J. Arthur Smith, III of Smith Law Firm, complain against Defendants, R.W. Collins, Co., and Kevin Brozak as Follows:

## Introduction

1. Plaintiffs were construction workers working for R.W. Collins, Co. ("Collins). Plaintiffs Kenneth Lee ("Lee"), Odell Morgan ("Morgan"), and Marvin Taylor ("Taylor") are African-American, and Plaintiff Pedro Rodriguez ("Rodriguez") is Latino. Plaintiffs were individually tasked with, and would sometimes each performed duties normally handled by, two to three men. Plaintiffs were good and faithful employees who performed their jobs to the best of their abilities.

2. Defendants hosted a remarkably racial discriminatory atmosphere where rap music was frequently played over the radio using the term "n****r"[1] which white laborers

[1] For the purpose of this complaint, we have abbreviated racial slurs and expletives cited herein. However, in reality, no such abbreviations were used.

constantly using this word. At one point, Plaintiff Taylor came upon a noose in the workplace. The racially charged atmosphere stemmed from the Superintendent, Kevin Brozak ("Brozak"), who made numerous comments of a racially discriminatory nature himself, ranging from comments about stringing up people like Plaintiff Morgan, to invitations to come down to his place in an all white area where they could "shoot some cans… some Afri-cans, some Mexi-cans, and some Puerto Ri-cans." Defendant Brozak also bragged about having and shooting guns, and put Plaintiffs in fear of actual physical harm.

3. In or around the Spring of 2014, Plaintiff Morgan, no longer able to stand this racial harassment, raised the issue at an all hands meeting which included representatives from Defendants B&M and Collins. In response, Defendant Brozak made further threats and became furious that Morgan had "thrown him under the bus."

4. On or about December 16, 2014 Plaintiff Morgan was terminated. Plaintiffs Rodriguez and Taylor were terminated in the coming months, although Taylor was offered just enough work to keep him working one day a week. Plaintiff Lee, who was probably the most senior laborer with Collins, having been there nearly a decade, watched his hours become slowly decreased over the next few years. Morgan and Taylor repeatedly sought employment with Collins when they knew that Collins was hiring. But, the company instead continued to hire Caucasian individuals who had never worked for it before. Plaintiffs now bring this case for racial harassment, discrimination, and retaliation.

## **Parties**

5. Plaintiff, Kenneth Lee (hereinafter "Lee"), is an African-American citizen of the United States who at all relevant times resided within the territorial jurisdiction of the United

States District Court for the Northern District of Illinois. At all relevant times, Lee operated under a contract of employment with Defendant Collins.

6. Plaintiff, Odell Morgan (hereinafter "Morgan"), is an African-American citizen of the United States who at all relevant times resided within the territorial jurisdiction of the United States District Court for the Northern District of Illinois. At all relevant times until his termination, Morgan operated under a contract of employment with Defendant Collins.

7. Plaintiff, Pedro Rodriguez (Hereinafter "Rodriguez"), is a Latino citizen of the United States who at all relevant times resided within the territorial jurisdiction of the United States District Court for the Northern District of Illinois. At all relevant times until his termination, Rodriguez operated under a contract of employment with Defendant Collins.

8. Plaintiff, Marvin Taylor (hereinafter "Taylor"), is an African-American citizen of the United States who at all relevant times resided within the territorial jurisdiction of the United States District Court for the Northern District of Illinois. At all relevant times until his termination, Taylor operated under a contract of employment with Defendant Collins.

9. Defendant, R.W. Collins, Co. (hereinafter "Collins"), is a corporation located and doing business within the territorial jurisdiction of the United States District Court for the Northern District of Illinois. At all relevant times, Defendant Collins operated under a contract of employment with Plaintiffs until it terminated them in retaliation for complaints of racial discrimination and harassment.

10. Defendant, Kevin Brozak (hereinafter "Brozak") is a Caucasian citizen of the United States and of the State of Illinois. Defendant Brozak was and/or is a Superintendent with Defendant Collins, doing business within the territorial jurisdiction of the United States District Court for the Northern District of Illinois.

## Jurisdiction

11. This court has subject matter jurisdiction over Plaintiff's race discrimination and retaliation claims under 42 U.S.C. §1981, pursuant to 28 U.S.C. § 1331, as these claims involve a federal question.

## Venue

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants reside and/or do business in this district, and the events or omissions giving rise to the claim occurred in this district.

## Facts

13. Plaintiffs were construction workers working for Defendant Collins.

14. There was an overall racially discriminatory atmosphere at this work site. Defendants' agents and/or employees acting within the course and scope of their employment, intentionally or with reckless disregard for Plaintiffs' federally protected rights made racially discriminatory statements to Plaintiffs to cause them emotional harm or distress or to make them appear incompetent, which statements included, but are not limited to, the following:

a. frequently playing rap music over the radios using the term "n****r"

b. constantly used the "n" word;

c. one operator stated that he would take a dozer down to the hood and "run some n****s down", he also said that why don't the n****s go back to Africa and find their own jobs;

d. using the term "grease monkey" in referring to Black people and/or Plaintiffs, Lee, Taylor and Morgan;

e. telling numerous racist jokes or made numerous racist comments such as, but not limited to:

1. "Why did the n****r cross the road? - because I pulled his chain;"

2. What do you say if see a VCR floating in the middle of night? – Yell put it down nigger”;
3. “When you see a n****r and a Mexican in a car, who’s driving? the police”;
4. “why are Blacks’ skins dark, but their hands are white? Because God had them up against the wall when he spray painted them”;
5. referred to Plaintiff Rodriguez as “the only beaner in the rice,” or “fat burrito”;
6. asking Plaintiff Morgan if he belonged to the Motisa tribe (a slur for “more tea sir”)

f. made comments about Blacks “shooting sideways” after noticing any Black/Latino crime in the news;

g. asked if Plaintiff Taylor’s son was in prison, after Taylor stated that he was going to visit his son, who was in fact playing basketball in college;

h. stating to white employees in passing Plaintiffs “y’all have to work with the “n*****s” today;”

i. referred to Black people as “f*****g burnt heads”; and

j. remarked “ I hate those n****rs!”

15. Defendants’ agents and employees acting within the course and scope of their employment, intentionally or with reckless disregard for Plaintiffs’ federally protected rights, committed the following racially discriminatory acts, such as, but not limited to the following:

a. segregated Black and other minority employees from Caucasian employees by giving minorities more difficult tasks than Caucasian employees, and instructing Plaintiffs to eat lunch in a storage building with bars on the windows known as the “jail house;”

b. brought Ku Klux Klan literature to the work site;

c. physically threatening Morgan in a racially charged manner, stating “I’ll f***k you up boy;”

d. one employee greeted operators with a Nazi salute while on the work site;

e. greased the door handles of the vehicle owned by Plaintiff Morgan; and

f. writing "HNIC" on Plaintiff Morgan's chair, meaning "Head N****r In Charge;"

16. Superintendent, Kevin Brozak, while acting within the course and scope of his employment for Collins, intentionally or with reckless disregard for Plaintiffs' federally protected rights, made astonishing racially discriminatory comments and committed the following acts, such as, but not limited to:

a. stated to Plaintiff Morgan that he would shoot "your brothers" in the face;

b. stated to Plaintiffs Rodriguez and Morgan that he would one day own a bar, and when he did, ". . .they won't be no f****n' nig***s at this bar", and that he would place a sign at this bar to this effect;

c. stated to Plaintiff Morgan that Donald Brozak, Kevin Brozak's son, had never been around Black people before, and had only seen Black people on television;

d. regularly hosted white laborers and operators in his office before or after morning meetings, who told racist jokes when Plaintiffs Morgan and Rodriquez would enter his office. A Latino operator named Herman warned him about this, to which Defendant Brozak replied- "I don't give a f**k";

e. constantly spoke about a new conceal and carry firearms' law which would enable him to carry a firearm on the work site;

f. stated to Plaintiff Morgan after Morgan exited his truck that, it "smell[]ed like nigger in here"

g. asked Plaintiff Taylor several times "when are you going to bring me some biscuits and gravy?"

h. commented about stringing people up like Plaintiff Morgan from yard irons or a back hoe;

i. invited Plaintiffs to come down to his place in an all white area where they could "shoot some cans… some Afri-cans, some Mexi-cans, and some Puerto-Ri-cans," and remarked that he would be hunting, but that he would give Plaintiffs "a 2 minute head start;"

j. addressed Caucasian employees by stating "good morning gentlemen," but then addressed Black employees by stating "good morning boys;"

k. asked Plaintiff Morgan to do "that little pimp walk;"

l. asked Plaintiff Morgan "how he got his hair like that;"

m. commented about the laziness of minorities; and

n. threatened to shoot Plaintiffs in such a fashion that put Plaintiffs in fear of actual physical harm.

17. In early 2014, Donald Brozak was standing by a concrete barricade upon which was lying a noose at the worksite. Plaintiffs Lee and Taylor discovered this noose, and then Plaintiff Morgan joined them moments later. Donald Brozak and another white laborer did nothing to hide the noose or remove it. Instead, they smirked as Plaintiff Taylor untied the noose. Clearly Donald Brozak and the other white laborer saw the noose, knew it was there, and waited for their Black co-workers to see it. On information and belief, Donald Brozak and another white laborer placed this noose at the jobsite.

18. In or around August of 2014, Plaintiff Morgan, no longer able to stand the harassment, raised the issue at an all hands meeting.

19. In response, Defendant Brozak made further threats and was furious that Morgan had "thrown him under the bus."

20. On or about September 3, 2104, all four Plaintiffs filed charges of discrimination with the United States Equal Employment Opportunity Commission.

21. On or about December 16, 2014, Plaintiff Morgan was terminated.

22. Plaintiffs Rodriguez and Taylor were terminated in the coming months, although the Defendants offered Taylor just enough work to keep him working one day a week.

23. The Defendants also slowly decreased Plaintiff Lee's hours over the next few years, Lee was probably the most senior laborer with the company, having been there nearly a decade.

24. Morgan and Taylor repeatedly sought employment with Collins when they knew that Collins was hiring, but the firm instead continued to hire Caucasian individuals who had never worked for there before.

## COUNT I

### Demand for Relief for Race Based Harassment in Violation of 42 U.S.C. §1981

25. Plaintiffs restate and re-allege paragraphs 1 through 24 as paragraph 25 of this Count I.

26. By virtue of the foregoing, Defendants violated 42 U.S.C. §1981, by creating a racially hostile and intimidating environment which substantially affected the terms and conditions of employment thereby interfering with a contract for employment between Plaintiffs and Defendants.

27. As a result of Defendants' unlawful acts, Plaintiffs have suffered damages of a pecuniary and non-pecuniary nature.

28. Defendants' violations were wanton and willful, warranting the imposition of punitive damages.

## COUNT II

### Demand for Relief for Race Discrimination in Violation of 42 U.S.C. §1981

29. Plaintiffs restate and re-allege paragraphs 1 through 24 as paragraph 29 of this Count II.

30. By virtue of the foregoing, Defendants violated 42 U.S.C. §1981, by discriminating against Plaintiffs in a manner which substantially affected the terms and conditions of employment thereby interfering with a contract for employment between Plaintiffs and Defendants.

31. As a result of Defendants' unlawful acts, Plaintiffs have suffered damages of a pecuniary and non-pecuniary nature.

32. Defendants' violations were wanton and willful, warranting the imposition of punitive damages.

## COUNT III

## Demand for Relief for Retaliation in Violation of 42 U.S.C. §1981

33. Plaintiffs restate and re-allege paragraphs 1 through 24 of this Count III.

34. By virtue of the foregoing, Defendants violated 42 U.S.C. §1981, by terminating and or limiting Plaintiffs' employment in retaliation for their complaints of racial discrimination and harassment.

35. As a result of Defendants' unlawful acts, Plaintiffs have suffered damages of a pecuniary and non-pecuniary nature.

36. Defendants' violations were wanton and willful, warranting the imposition of punitive damages.

37. Plaintiffs Rodriguez, Taylor, Morgan and Lee, filed EEOC charges on about September 3, 2014 against Defendant Collins alleging race discrimination and retaliation. Upon receipt of the notices of right to sue, Plaintiffs will amend their complaint to allege claims of race

discrimination and harassment against Defendant Collins under 42 U.S.C. §2000e *et seq.* (Title VII).

38. Plaintiffs respectfully demand a trial by Jury.

WHEREFORE, Plaintiffs, Kenneth Lee, Odell Morgan, Pedro Rodriguez, and Marvin Taylor, respectfully requests that this Honorable Court enter judgment in their favor, and against Defendants R.W. Collins, Co., and Kevin Brozak for emotional distress, lost wages, and other economic damages, compensatory damages, punitive damages, reasonable attorneys' fees, litigation expenses and costs, and for such other and further relief this Court deems just and equitable.

**PLAINTIFF'S DEMAND A TRIAL BY JURY**

Respectfully submitted,

Kenneth Lee, Odell Morgan,
Pedro Rodriguez and Marvin Taylor

By: /S/ AARON B. MADUFF

Aaron B. Maduff
Atty. No. 06226932
**MADUFF & MADUFF LLC**
205 N. Michigan Ave., Suite 2050
Chicago, IL 60601
Tel.: 312/276-9000
Fax: 312/276-9001
abmaduff@madufflaw.com
*Counsel for Plaintiffs*

J. Arthur Smith, III
IL Fed Bar Roll 07730
**SMITH LAW FIRM**
830 North Street
Baton Rouge, LA 70802
Tel. 225/383-7716
Fax 225/383-7773
jasmith@jarthursmith.com